THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DANA LEANN BYRD, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION FILE NO.: |
| | ) | |
| ANDREW SAUL, | ) | |
| COMMISSIONER OF THE | ) | |
| SOCIAL SECURITY | ) | |
| ADMINISTRATION, | ) | |
| Defendant. | ) | |

---

## COMPLAINT

---

COMES NOW Dana Leann Byrd, hereinafter referred to as Plaintiff, by and through her attorney, John V. Hogan, and brings this action against the Defendant as captioned, and respectfully shows:

1.

Plaintiff is a citizen of the United States of America and a resident of Newton County, Georgia.

2.

Defendant is the Commissioner of the Social Security Administration.

3.

Jurisdiction of this Court is evoked under Section 205(g)of the Social

Security Act, as amended, (42 U.S.C.405(g)) this being an action authorized by

law for review of Defendant's final administrative decision in Plaintiff's disability

claim under Title II of the Social Security Act.

4.

Plaintiff applied for disability benefits by way of application filed February

10, 2017.

5.

Plaintiff's aforesaid application was denied at the initial and reconsideration

levels.

After an administrative law judge hearing, a written decision was issued

January 23, 2019 denying the claim.

6.

Appeals Council review was requested in a timely manner; and denied by way of notice dated November 4, 2019.

This determination by the Appeals Council is the Defendant's final administrative decision.

7.

Plaintiff alleged an onset of disability as of March 25, 2014.

8.

Plaintiff has not been engaged in substantial gainful activity at any time subsequent to her alleged onset date.

9.

Plaintiff met the insured status requirements for entitlement to disability benefits as of her alleged onset date and until December 31, 2016.

10.

Plaintiff shows that at all times from her alleged onset date, through the date of Defendant's final decision, and continuing through the present, she has been under a disability as defined in sections 216(i) and 223(d) of the Social Security Act, as amended [42 U.S.C. §§ 426(i) and 423(d)]. Plaintiff was and is disabled due to severe medically determinable impairments including residuals of breast cancer

treatment including peripheral neuropathy; hypothyroidism, osteoporosis, thoracic spine impairment and anxiety.

11.

Defendant's decision is not supported by substantial evidence.

12.

Defendant's decision is based upon errors of law.


WHEREFORE, Plaintiff requests:

(a)     That this Court find there was not substantial evidence to support Defendant's decision that Plaintiff was not disabled, and reverse said decision;

(b)     That this Court find Defendant's decision that Plaintiff was not disabled is based upon error of law and reverse said decision; and

(c)     That this Court grant such other and further relief as appears just and proper.

Respectfully submitted this 2nd day of January 2020.

*/s/ John V. Hogan*
John V. Hogan
GA Bar No. 359936
Attorney for Plaintiff

Law Offices of John V. Hogan
3465-B Lawrenceville-Suwanee Rd.
Suwanee, GA 30024
678-546-1010 (phone)
678-546-0170 (fax)
john@johnhoganlaw.com