**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **MCCLENNON DUNCAN III,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No.: |
| | ) | |
| v. | ) | |
| | ) | |
| **CITY OF FAIRBURN** | ) | **JURY TRIAL DEMAND** |
| | | |
| Defendants. | | |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 ("Title VII"), and 42 U.S.C. Sec. 1981 to correct unlawful employment practices on the basis of race, and to provide appropriate relief to  McClennon Duncan III (Duncan or Firefighter Duncan ), who was adversely affected by such practices. The Plaintiff alleges that City of Fairburn through its Fire Department (Defendant of City) refused to promote Firefighter Duncan because of his race, African-American in violation of Title VII and §1981.

## JURISDICTION AND VENUE

1

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(l ) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §. 2000e-5(f)(l ) and (3) (Title VII), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.    The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## **PARTIES**

3.    Plaintiff McClennon Duncan III, is an African American male who was employed by Defendant City of Fairburn's Fire Department. At all times relevant to this Complaint, Plaintiff is a citizen of the United States and a resident of the state of Georgia. At all times relevant to this Complaint, Duncan is an employee of Defendant.

4.     Duncan submits himself to the jurisdiction and venue of this Court and is entitled to bring this action under state and federal law for all general, special, and any other permissible damages.

2

5.  The City of Fairburn is a municipal corporation location in Fulton County, Georgia. The Fairburn Fire Department is a department or division of the City's. At all relevant times, Defendant has continuously been doing business in the State of Georgia and the City of Fairburn and has continuously had at least 15 employees.

6.  At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h), and 42 U.S.C. §1981.

7.  The City may be served through its Mayor Elizabeth Carr-Hurst, at the Fairburn City Hall located at 56 Malone Street, Fairburn, Georgia 30213.

## **PROCEDURAL REQUIREMENTS**

8.  Plaintiff has satisfied all procedural requirements prior to commencing this action. June 06, 2018, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") against DPS. Plaintiff, through his attorney, received  a right to sue letter on August 21, 2020 and files this complaint within ninety (90) days receipt thereof .

## CAUSE OF ACTION

9.   Duncan was hired as a firefighter in February 2009.

10.  In May 2018, Duncan had reached the position of Lieutenant.

11.  Duncan was one of two firefighters that had the most seniority or years
     of the experience in Fairburn Fire Department.

12.  Around May 31, 2018, the City refused to promote Lieutenant Duncan
     to Battalion Chief in the City's Fire Department.

13.  Around May 31, 2018, the City failed to post the vacant position of
     Battalion Chief to its firefighters.

14.  The City's policies require that its current firefighters be notified of the
     vacant Battalion Chief position.

15.  The City, through its Fire Chief John Reed, failed to communicate the
     vacancy to Duncan and, therefore denied him the opportunity to apply.

16.  The Battalion chief Position was awarded to Chip Possinger, a white
     male.

17.  The white male, Chip Possinger,  was not a City of Fairburn employee
     prior to being awarded the Battalion Chief position.

18.  Firefighter Duncan was equally or more qualified than the individual
     selected by the City to fulfill the Battalion Chief position.

19.    The white male, Chip Possinger, had been terminated from another county prior to occupying his position in the City of Fairburn's Fire department.

20.    On August 8, 2018, Guy "Chip" Possinger was allowed to depart from his position as Battalion Chief of the City's Fire Department.

21.    On September 6, 2018, Fire Chief John Reed was terminated from the City's Fire Department.

## COUNT I
## VIOLATIONS OF TITLE VII

22.    Plaintiff incorporates by reference all the preceding paragraphs of the Complaint, and any other facts this Court deems relevant, as if fully stated herein to support all allegations made in this Count.

23.    Based on the facts incorporated to support this Count, the City deprived Plaintiff of equal employment opportunities and his right to be free of racial discrimination.

24.    The City's unlawful employment practices were intentional and was motivated by race, at least in part, if not in whole.

25.    Consequently, Plaintiff is entitled all permissible damages under law.

## COUNT II
## VIOLATIONS OF 42 U.S.C. §1981

26.  Plaintiff incorporates by reference all the preceding paragraphs of the Complaint, and any other facts this Court deems relevant, as if fully stated herein to support all allegations made in this Count.

27.  Based on the facts incorporated to support this Count, the City deprived Plaintiff of equal employment opportunities and his right to be free of racial discrimination in his employment relationship with the City.

28.  The City's unlawful employment practices were intentional.

29.  The City failed to promoted Plaintiff because of his race.

30.  Consequently, Plaintiff is entitled all permissible damages under law.

## **PRAYER FOR RELIEF**

Wherefore, the Plaintiff respectfully requests that this Court:

A.  Plaintiff requests a jury trial on all questions of fact raised by its Complaint.

B.  Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all other persons in active concert or participation with it, from engaging in employment practices which discriminate on the basis of race.

6

C.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees and which eradicate the effects of its past and present unlawful employment practices.

D.     Order Defendant to make Plaintiff whole, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E.     Order Defendant to make Plaintiff whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, in amounts to be determined at trial.

F.     Order Defendant to make Plaintiff whole by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain and suffering, inconvenience, loss of enjoyment of life, anxiety, stress, depression, and humiliation, in amounts to be determined at trial.

G.     Grant to Plaintiff his reasonable attorneys' fee and reasonable

expert witness fees together with any and all other costs associated with this action as provided by 42 U.S.C. § 12117 (a)(as ); and

H.  Grant such further relief as the Court deems necessary and proper.

Respectfully submitted this 10th  day of November, 2020.

/s/ Tamika Sykes
Tamika Sykes
Attorney for Plaintiff
Georgia Bar No. 141617
tamikasykes@sykeslawllc.com



Sykes Law LLC

1700 Northside Dr.
Suite #A7-532
Atlanta, GA 30318
(404) 870-8410-Office
(404) 870-8411-Fax
www.sykeslawllc.com