# EXHIBIT A

Complaint filed 11/02/20

2020CV02803-09
CLAYTON COUNTY, GA
11/2/2020 11:52 AM
Jacquline D. Wills
CLERK SUPERIOR COURT

## NanIN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **CHRIS MATSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | 2020CV02803-09 |
| | ) | **Civil Action No.** _____ |
| **vs.** | ) | |
| | ) | |
| **CITY OF FOREST PARK** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## **COMPLAINT**

Plaintiff Chris Matson ("Mr. Matson" or "Plaintiff") submits the following Complaint against Defendant City of Forest Park (the "City" or "Defendant").

### **Introduction**

#### 1.

This is an action to correct unlawful practices, to vindicate Plaintiff's rights, and to make Plaintiff whole. This is brought by Plaintiff against Defendant for breach of contract, breach of fiduciary duties arising *ex contractu*, unlawful employment practices, race discrimination, violations of federal constitutional rights, and for attorneys' fees for forcing Plaintiff to litigate to seek recovery of the substantial losses incurred by Plaintiff as a result in the Defendant's nearly three-month delay in releasing funds to Plaintiff pursuant to the City of Forest Park Deferred Compensation Plan and the City of Forest Park Retirement Savings Plan.

### **Jurisdiction and Venue**

#### 2.

This court has subject matter jurisdiction of this claim under Article IV, Section 1, Paragraph 1 of the Georgia Constitution.

Copy from re:SearchGA

3.

Venue properly lies in this court pursuant to O.C.G.A. § 33-4-1(2) and Article IV, Section 2, Paragraph 6 of the Georgia Constitution because the registered office and agent for the City of Forest Park is located in Clayton County, Georgia.

4.

Additionally, this civil rights action is brought pursuant to 42 U.S.C. § 1983, the Equal Protection Clause of the United State Constitution, 42 U.S.C. §1981, and Title VII of the Civil Rights of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") to correct Defendant's unlawful employment practices on the basis of race. *See, e.g., Yellow Freight System v. Donnelly,* 494 U.S. 820 (1990); *Collins v. Dep't of Transp.,* 208 Ga. App. 53 (1993).

5.

Jurisdiction and venue are proper in this Honorable Court.

**The Parties**

6.

Defendant is a municipal corporation charted by the State of Georgia, has more than fifteen employees, and qualifies as an employer under Title VII.

7.

Defendant may be served with process through Mayor Angelyne Butler or City Manager Albert Barker, Jr. at 745 Forest Parkway in Forest Park, Georgia 30297 per O.C.G.A. § 9-11-4(e)(5).

8.

Plaintiff Chris Matson is a natural person who is now and has been a resident of the State of Georgia at all times relevant to the facts of this Complaint.

Copy from re:SearchGA

## TITLE VII Administrative Prerequisites

9.

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission on May 4, 2020 but it was not received until May 11, 2020—within 300 days of the termination[1].

10.

Plaintiff received the Notice of Right to Sue on August 5, 2020 and instituted this civil action timely.

## Factual Background

11.

Plaintiff began working as a police officer for the Defendant in November 16,1992.

12.

In or around October 2018, Defendant's Council Members unlawfully terminated former Chief of Police L. Dwayne Hobbs[2] because they wanted to install an African-American Chief of Police and "move in a different direction."

---

[1] Plaintiff expects Defendant to argue that his charge of discrimination was untimely because it was not received until May 11, 2020. However, such a position is meritless because Plaintiff is a state employee, and the 180-day deadline is extended to 300 days since Georgia has state and local anti-discrimination laws governed by a Fair Employment Practices Agency. *See, e.g.,* O.C.G.A. § 45-19-36 *et. seq.;* 29 C.F.R. § 1601.13(a)(4); https://www.eeoc.gov/field-office/atlanta/timeliness ("A State of Georgia government employee... has 300 days from the date of alleged harm to file a charge with the EEOC for discrimination based on race..."). Plaintiff will also seek equitable tolling of the requirement in light of the ongoing pandemic which caused the U.S. Mail to be interrupted.
[2] Although at a different time, former Chief of Police Hobbs has made similar allegations of unlawful termination and discrimination against Defendant because of race. A lawsuit is pending in U.S. District Court of the Northern District of Georgia, Atlanta Division. *L. Dwayne Hobbs v. City of Forest Park, Georgia,* CAFN: 1:20-cv-04009-AT-RDC (N.D. Ga., Sept. 29, 2020).

3

Copy from re:SearchGA

13.

After the unlawful termination of Chief Hobbs, Defendant installed an African American Chief of Police, Nathaniel Clark, in or around May 2019.

14.

Defendant, by and through its agents, representatives, and employees, including Chief Clark, thereafter engaged in, and continue to engage in, a pattern of discrimination by terminating Caucasian employees, including Plaintiff, and other department heads on the basis of race.

15.

Since summer of 2019, nearly eighty percent of Caucasian command staff members have been terminated, forced to resign, or chosen to retire because of Defendant's unlawful and discriminatory employment practices.

16.

Caucasian employees have filed grievances based on these discriminatory practices, but the Defendant, by and through its agents, representatives, and employees, have ignored and failed to remedy them.

17.

Some Caucasian employees of the department were forced to seek new employment at other agencies because of the same concerns regarding the intentional, unlawful employment practices and race discrimination.

18.

As to Plaintiff's particular employment experience and history, Plaintiff followed established police department protocols supervised and enforced by former Chief Hobbs.

4

Copy from re:SearchGA

19.

Said protocols were implemented and approved by former Chief Hobbs.

20.

In or around June 2019 and July 2019, new Chief Clark hired auditors to review the Police Department's past policies, protocols, and practices.

21.

These auditors' conclusions alleged Plaintiff had committed financial, policy, and protocol violations under the former Chief Hobbs.

22.

Plaintiff vehemently denies any wrongdoing and never committed any violations of financial or police protocol which would have been considered for termination by the former Chief Hobbs.

23.

Plaintiff believes and avers that these alleged violations were contrived, pretextual and used to terminate him because of his race.

24.

Defendant's Council Members have stated openly in public numerous times that they wanted African Americans to serve in the command structure of the Forest Park Police Department.

25.

Defendant's Council Members have also mandated that non-Caucasian individuals should receive preference in positions of employment and leadership throughout the Defendant's departments.

5

Copy from re:SearchGA

26.

The Defendant's unlawful employment practices and discrimination have been so obvious that Captain Podsiadly, a twenty-four year employee with Defendant, noted in an April 6, 2020 retirement statement that "[s]ince Chief Clark's appointment as Chief, I (and many others) noted that [Defendant's] recruitment efforts solely focused on black officers."

27.

After 27 years and 9 months of service to the City's police force, Plaintiff's employment was terminated from the City of Forest Park Police Department on November 8, 2019.

28.

Plaintiff is an eligible participant in the City of Forest Park Deferred Compensation Plan (the "DC Plan") and the City of Forest Park Retirement Savings Plan (the "Savings Plan") (collectively the "Plans").

29.

After his termination, Plaintiff immediately appealed his termination through the appropriate City of Forest Park procedures (the "Termination Appeal").

30.

During the pendency of the Termination Appeal, on January 6, 2020, Plaintiff directed the DC Plan and the Savings Plan through their third-party administrator, Empower Retirement, to liquidate his accounts and pay to him directly the account balances (the "January 6 Request").

31.

On January 8, 2020, Plaintiff called Ken Thompson ("Thompson"), Forest Park Finance Director, to let him know of the request to liquidate made to Empower Retirement as Plaintiff anticipated Empower Retirement would need the City to confirm Plaintiff's termination date and

Copy from re:SearchGA

vesting percentage.  During this call, Thompson advised Plaintiff that City Attorney Michael Williams had ordered Thompson not to provide Empower Retirement with the information necessary to liquidate Plaintiff's DC Plan and Savings Plan and to withhold this information from Empower Retirement during the pendency of Plaintiff's Termination Appeal.

32.

Plaintiff withdrew his Termination Appeal on April 3, 2020.

33.

Plaintiff received his DC Plan and Savings Plan account balances on April 9, 2020 (the "April 9 Payout Date").

34.

From the January 6 Request through the April 9 Payout Date, the City improperly withheld the essential information necessary for Empower Retirement to honor Plaintiff's January 6 Request and liquidate his DC Plan and Savings Plan accounts.  During this timeframe—from January 6, 2020 to April 9, 2020—Plaintiff's accounts lost more than $93,000.00.

35.

On September 2, 2020, Plaintiff, through counsel, communicated with the City and requested that the City make Plaintiff whole.  No response has been received from the City thereby causing Plaintiff to bring his claims before this Court.

**COUNT I**
**<u>DISCRIMINATION BECAUSE OF RACE IN VIOLATION OF TITLE VII</u>**

36.

Plaintiff incorporates paragraphs 1-35 above as if set forth fully herein.

7

Copy from re:SearchGA

37.

Plaintiff is Caucasian.

38.

Plaintiff is and was qualified for the position from which he was terminated.

39.

Defendant discriminated against Plaintiff in the terms and conditions of his employment when it terminated same on the basis of his race in violation of Title VII.

40.

Defendant discriminated against Plaintiff in the terms and conditions of his employment when he was terminated but similarly situated African American employees were not.

41.

Plaintiff believes, and thus avers, that the effect of the Defendant's unlawful employment practice has been to limit, classify and discriminate against Caucasians in ways which jeopardize and tend to deprive them of employment opportunities and otherwise adversely affect their status as employees because of their race in violation of Title VII; and Plaintiff, who is a victim of such practices, was unlawfully deprived of income in the form of wages, prospective monetary benefits, and various other benefits solely because of his race in sums to be proved at trial.

42.

Plaintiff is entitled to an award of back pay and benefits, front pay, compensatory damages, attorneys' fees, and all other appropriate relief, damages, and remedies available under Title VII and all federal statutes providing remedies for violations of Title VII.

Copy from re:SearchGA

## COUNT II
## DENIAL OF EQUAL PROTECTION OF THE LAWS IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE U.S. CONSTUTITION BY DEFENDANT & DISCRIMINATION BECAUSE OF RACE IN VIOLATION OF 42 U.S.C. § 1981 THROUGH 42 U.S.C. § 1983

43.

Plaintiff incorporates paragraphs 1-42 above as if set forth fully herein.

44.

Plaintiff is Caucasian and was terminated by Defendant because of his race.

45.

Defendant discriminated against Plaintiff in the terms and conditions of his employment when it terminated same on the basis of his race in violation of 42 U.S.C. § 1981 and 1983

46.

Defendant discriminated against Plaintiff on the basis of race by terminating him as part of a larger unlawful employment scheme, policy, and practice for preference of African Americans to the detriment of others.

47.

Defendant did so in violation of clearly established constitutional and statutory prohibitions.

48.

Defendant, by and through its agents, representatives, and employees, took these actions as part of an unofficial government policy or custom which intentionally and unlawfully discriminates against Caucasian employees and applicants.

9

Copy from re:SearchGA

49.

Defendant took these actions with knowledge that same were in clear violation of constitutional, federal, and state laws.

50.

The conduct of the Defendant, by and through its agents, representatives, and employees, in the termination of Plaintiff on the basis of race violated rights guaranteed by the Fourteenth Amendment to the United States Constitution.

51.

Defendant terminated at least eight other Caucasian employees under same or similar pretextual circumstances and unlawful discriminatory reasons.

52.

Defendant, by and through its agents, representatives, and employees, proximately caused these violations of Plaintiff's rights and so acted under color of state law and local ordinances, regulations, customs, and usages of Defendant in violation of 42 U.S.C. § 1983.

53.

Pursuant to 42 U.S.C. § 1981 as effectuated by 42 U.S.C. §1983, Plaintiff is entitled to declaratory relief, injunctive relief, compensatory damages, punitive damages, attorney's fees and all other appropriate damages, remedies and other relief against Defendant because of the unlawful employment practices and discrimination against him on the basis of race as part of a larger scheme, policy, and practice in violation of clearly established law.

## COUNT III
## BREACH OF CONTRACT

54.

Plaintiff incorporates paragraphs 1-53 above as if set forth fully herein.

10

Copy from re:SearchGA

55.

Plaintiff faithfully served as a police officer for the City of Forest Park for nearly 28 years and was a full participant in the City of Forest Park's Deferred Compensation Plan and the City of Forest Park's Retirement Savings Plan.

56.

Georgia's appellate courts have held that a statute or ordinance establishing a retirement plan for government employees becomes part of an employee's contract for employment if the employee meets the eligibility requirements of the plan.

57.

Plaintiff worked as a civil servant (specifically, a police officer employed by the City of Forest Park) and participated in both the City of Forest Park's DC Plan and Savings Plans. Following his termination, Plaintiff sought to exercise his right to liquidate and withdraw his vested funds from both the DC Plan and the Savings Plan.

58.

Because the City's attorney prevented City officials from providing the necessary information to third-party administrator, Empower Retirement, Plaintiff did not receive the funds when requested following his January 6 Request.  Consequently, Plaintiff suffered a breach of contract and has been damaged by the difference between the value of his funds from both the DC Plan and Savings Plan as of January 6, 2020, and the significantly diminished value of the funds when finally disbursed to him on April 9, 2020.

59.

As a result of the acts and/or omissions described above, Plaintiff has been damaged not only by the difference in the value of the funds from the DC Plan and the Savings Plan, but also in

11

Copy from re:SearchGA

the loss of interest and/or investment potential he would have assuredly benefited from had he been provided the funds immediately upon his January 6, 2020 request.  Plaintiff is entitled to collect these damages, plus reasonable interest and/or lost opportunity costs

## COUNT IV
## BREACH OF FIDUCIARY DUTIES ARISING *EX CONTRACTU*

60.

Plaintiff incorporates paragraphs 1-59 above as if set forth fully herein.

61.

The City of Forest Park owed Plaintiff fiduciary duties arising *ex contractu* with regard to his DC Plan and Savings Plan benefits, including duties of good faith, fair dealing, prudence and disclosure.

62.

As a result of the City's actions and omissions outlined above, the City has breached one or more fiduciary duties owed to Plaintiff.

63.

Plaintiff has suffered damages by the breach of fiduciary duties and is entitled to damages in an amount to be determined by the enlightened conscience of the factfinder, including interest thereon.

## COUNT V
## EXPENSES OF LITIGATION UNDER O.C.G.A. § 13-6-11

64.

Plaintiff incorporates paragraphs 1-63 above as if set forth fully herein.

12

Copy from re:SearchGA

65.

Defendant has acted in bad faith, has been stubbornly litigious, and has put Plaintiff to the unnecessary trouble and expense of having to engage counsel and to resort to litigation to enforce his legal rights against Defendant in that, *inter alia*:

(a)     Defendant has refused to pay Plaintiff his DC Plan and Savings Plan losses plus interest in accordance with the requirements of the Plans; and

(b)     Defendant has failed to respond in good faith to Plaintiff's correspondence regarding these issues.

(c)     Defendant has knowingly violated Plaintiff's rights to be free from discrimination in employment and constitutional rights.

66.

Defendant's conduct justifies an award of Plaintiff's expenses of litigation against Defendant under O.C.G.A § 13-6-11.

**WHEREFORE**, Plaintiff respectfully demands that he be granted the following relief:

(a)     A declaratory judgment that Defendant violated Title VII, 42 U.S.C. § 1981 through 42 U.S.C. § 1983, and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(b)     A permanent injunction prohibiting Defendant from engaging in unlawful employment practices in violation of Title VII or other federally guaranteed rights of employment;

(c)     An award of back pay and benefits, front pay, compensatory damages, attorneys' fees, and all other appropriate relief, damages, and remedies available under Title VII and all federal statutes providing remedies for violations of Title VII.

13

Copy from re:SearchGA

(d)     Compensatory damages in an amount to be determined by the enlightened conscience of a jury for emotional distress, suffering, inconvenience, mental anguish, and loss of enjoyment of life for violations of Title VII and federally protected constitutional rights;

(e)     Damages in the amount of at least $93,000.00 or the actual value of the difference between the value of Plaintiff's Plan accounts as of January 6, 2020 and that which was paid out on April 9, 2020, plus interest thereon and/or lost opportunity costs;

(f)     A declaratory judgment indicating that the City has breached its fiduciary duties to Plaintiff;

(g)     Compensatory damages in an amount to be determined by the court, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages caused by Defendants' breach of fiduciary duties;

(h)     Reasonable attorneys' fees and costs allowed by Title VII, 42 U.S.C. § 1988, and as otherwise permitted by law; and

(i)     Reasonable attorneys' fees together with any and all other costs associated with this action pursuant to O.C.G.A. § 13-6-11; and

(j)     Other and further relief as the Court deems just and proper.

14

Copy from re:SearchGA

Respectfully submitted, this <u>2nd</u> day of November 2020.

**STEVEN N. NEWTON, LLC**

<u>/s/Steven N. Newton</u>
**STEVEN N. NEWTON**
Georgia Bar No. 211382

401 Westpark Court, Suite 200
Peachtree City, Georgia 30269
Phone: 678-837-6398
Facsimile: 678-831-0707
Email: steven@mynewtonlaw.com
      snnewtonlaw@gmail.com
*Counsel for Plaintiff*

**PRIDGEN BASSETT LAW, LLC**

<u>/s/Nancy B. Pridgen</u>
**Nancy B. Pridgen, Georgia Bar No. 587949**
**Leslie M. Bassett, Georgia Bar No. 477037**

One Glenlake Parkway, Suite 650
Atlanta, Georgia  30328
(404) 551-5884 direct
(678) 812-3654 facsimile
nancy@pridgenbassett.com
leslie@pridgenbassett.com
*Counsel for Plaintiff*

15

Copy from re:SearchGA

Civil Case Filing Form filed 11/02/20

**General Civil and Domestic Relations Case Filing Information Form**

☐ **Superior** or ☐ **State Court of** _____ **County**

| For Clerk Use Only | |
|---|---|
| **Date Filed** _____ <br> **MM-DD-YYYY** <br> 11/2/2020 | **Case Number** _____ <br> 2020CV02803-09 |

**Plaintiff(s)**
**Matson, Chris**

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
**City of Forest Park, Georgia**

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** Steven N. Newton, Esq.   **State Bar Number** 211382   **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☒ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☒ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☒ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**n/a** Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
Case Number   Case Number

**☒** I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

**n/a** Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**
n/a

**n/a** Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

Copy from re:SearchGA

Summons to City of Forest Park filed 11/02/20

**ORIGINAL SUMMONS**

## SUPERIOR COURT OF CLAYTON COUNTY

## STATE OF GEORGIA

2020CV02803-09

**Chris Matson**
_____
                                    Plaintiff

CASE NUMBER _____

_____
                                    Address

SUMMONS

_____

November
_____                20
                         Term, 20 _____

VS.

CALENDAR DATES

**City of Forest Park, Georgia**
_____
                                    Defendant

**745 Forest Parkway**
_____
                                    Address

**Forest Park, Georgia 30297**
_____

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file with the Clerk of said Court and serve upon the Plaintiff's attorney, whose name and address is:

**Steven N. Newton, Esq.**                    **Nancy B. Pridgen, Esq.**
**Steven N. Newton, LLC**                     **Pridgen Bassett Law, LLC**
**401 Westpark Ct., Suite 200**               **One Glenlake Pkwy, Suite 650**
**Peachtree City, GA 30269**                  **Atlanta, GA 30328**

an answer to the complaint which is herewith served upon you, **within 30 days** after service of this summons, upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Jacquline D. Wills
Clerk of Court
Superior Court Division

By_____
       /s/ Kameshia Jones
            Deputy Clerk

ORIGINAL SUMMONS.wpd                                                    01/01/11

Copy from re:SearchGA


Affidavit of Service upon Defendant Forest Park 11/06/20

CLAYTON COUNTY, GA
11/6/2020 12:26 PM
Jacquline D. Wills
CLERK SUPERIOR COURT

## IN THE SUPERIOR COURT OF CLAYTON COUNTY
## STATE OF GEORGIA

CHRIS MATSON,                )
                             )
    Plaintiff,          )
                             )     **Civil Action No. 2020CV02803-09**
vs.                          )
                             )
CITY OF FOREST PARK          )
                             )
    Defendant.          )
_____)

## AFFIDAVIT OF SERVICE

Personally appeared before the undersigned officer duly authorized by law to administer oaths, Hank Tort, who, after being duly sworn, deposes and states the following:

1. That he is an adult over eighteen years of age.

2. That he is a citizen of the United States of America.

3. That he is an authorized process server in the Superior Court of Clayton County.

4. That on November 2, 2020 at 3:10 p.m., after verifying the identity and/or residence of the Defendant, City of Forest Park, Georgia, he personally served Finance Director, Ken Thomason, who was authorized to accept service on behalf of the Defendant, at 745 Forest Parkway in Forest Park, Georgia 30297 with the Summons, Case Initiation Form, and Complaint in the above-referenced matter.

Hank Tort
2146 Roswell Road, Suite 108-221
Marietta, GA 30062

Sworn to and subscribed before me
This 2nd day of November, 2020.

NOTARY PUBLIC
My commission expires: 3/21

Copy from re:SearchGA

11/4/2020, 4:04 PM

KJ